UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOE HAND PROMOTIONS, INC., <br><br> Plaintiff <br><br> v. <br><br> 9TH ISLAND KAVA LOUNGE, LLC; STARRIE HAWKINS; JAIOME ALBORO, <br><br> Defendants | Case No.: 2:24-cv-00241-APG-NJK <br><br> **Order Granting Motion for Default Judgment** <br><br> [ECF No. 10] |

Joe Hand Promotions moves for default judgment. ECF No. 10. Default has been entered against defendants 9th Island Kava Lounge, LLC, Starrie Hawkins, and Jaiome Alboro. ECF No. 9. The motion satisfies the factors set forth in *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986). I thus find good cause to grant the motion in part.

Joe Hand alleges that the defendants violated Section 705 of the Federal Communications Act of 1934 by broadcasting three Ultimate Fighting Championship bouts without authorization. ECF No. 10 at 2. Joe Hand requests an award of $20,000 for each of those three violations. However, the Affidavit attached to its motion describes only one violation. ECF No. 10-5. The other two alleged violations are based only on advertising for two other televised fights. ECF Nos. 10-6, 10-7. But there is no proof that the defendants actually showed those two events on those nights. I therefore find only one violation.

I HEREBY ORDER that the motion for default judgment **(ECF No. 10) is granted in part**. The clerk of the court is directed to enter judgment in favor of plaintiff Joe Hand Promotions and against defendants 9th Island Kava Lounge, LLC, Starrie Hawkins, and Jaiome Alboro, joint and several, as follows:

      Violation of Title 47 U.S.C. § 605(e)(3)(C)(i)(II) ………………. $10,000.00

Violation of Title 47 U.S.C. § 605(e)(3)(C)(ii) …………………… $10,000.00

Costs………………………………………………………….. $    740.00

**Total ……………………………………………. $20,740.00**

I FURTHER ORDER that Joe Hand may move for attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii).

DATED this 9th day of December, 2024.

_____
ANDREW P. GORDON
CHIEF UNITED STATES DISTRICT JUDGE